IN THE UNITED DISTRICT COURT
NORTHERN DISTRICT COURT
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO.  1:19-CR-124 |
| | : | |
| Plaintiff, | : | JUDGE BENITA Y. PEARSON. |
| | : | |
| -vs- | : | |
| | : | SENTENCING MEMORANDUM |
| MALVIN D. ROMAN., | : | |
| | : | |
| Defendant. | : | |

Now comes Defendant, Malvin D. Roman, by and through undersigned counsel, and hereby submits his Sentencing Memorandum. Mr. Roman respectfully requests this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, in complying with the purposes of 18 U.S.C. § 3553. Mr. Roman's position regarding sentencing is set forth more fully in the attached Memorandum.

Respectfully submitted,

**BETRAS, KOPP & HARSHMAN, LLC**

 */s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
E-mail: dbetras@bhlaws.com
*Attorney for Defendant*

**MEMORANDUM IN SUPPORT**

I.    PROCEDURAL BACKGROUND

On July 17, 2019, Defendant was named in a 25-count Superseding Indictment, along with six other individuals. Defendant was named in Count 1, Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine, in violation of 21 U.S.C. §§ (846) and 841(a)(1) and (b)(1)(A), and Counts 14, 16 and 17, Use of a Communication Facility in Furtherance of a Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b). On October 4, 2019, Mr. Roman entered a guilty plea to the lesser included offense in Count 1. Mr. Roman's case was referred to the United States Probation Office for the preparation of a Presentence Investigation Report (herein after "PSR"). Said PSR was prepared on December 20, 2019 and revised on January 15, 2020.

II.   LAW & ARGUMENT

In the advent of the United States Supreme Court ruling in *United States v. Booker*, 125 S.Ct. 738 (2005), it is now well established that the federal sentencing guidelines are no longer mandatory. Instead, they are simply one of the many factors that must be considered by the Court in constructing a sentence that is no greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553.

District Courts retain broad discretion in determining what sentence to impose based on the particular circumstances of a given case. However, sentences should not be greater than necessary to satisfy the statutory purposes of sentencing. *See Kimbrough v. United States*, 552 U.S. 85 (2007). As such, both the Supreme Court and the sentencing statutes instruct District Court Judges to impose the <u>least restrictive sentence</u> that will satisfy the four purposes of sentencing: justice, deterrence, public protection from further crimes and the provision of rehabilitative treatment. 18 U.S.C. § 3553(a)(2); *see also Kimbrough*, 552 U.S. at 101.

In order to determine the least restrictive sentence that satisfies the statutory purposes of sentencing, *supra*, this Court must consider the seven (7) factors set forth in 18 U.S.C. § 3553(a)(1)-(7). The pertinent factors of this analysis are discussed below.

### A. <u>18 U.S.C. § 3553(a)(1) Nature of Offense and History of Defendant</u>

Mr. Roman was born in Humacao, Puerto Rico. When he was six-years old, his parents divorced. His mother married his step-father shortly thereafter. His step-father was an alcoholic and Mr. Roman was exposed to binge drinking at a young age. Following his step-fathers example, when he was just 13 years old he drank until he had alcohol poisoning. His drinking quickly turned into an addiction to the point where he was consuming a 12-pack of beer a day. Mr. Roman also began working at the young age of 13. He dropped out of high school in 9th grade so he could work to help support himself and his family.

When he was just 16, Mr. Roman left Puerto Rico and moved to his cousin's home in Chicago, Illinois to work with thoroughbred horses, which has always been, and remains to be, a dream of his. Without the parental supervision that a 16-year-old needs, he made the regrettable decision to use cocaine. Being exposed to these substances at such a young age, paired with Mr. Roman's mental and physical health issues over the years, ultimately led to Mr. Roman's substance abuse. Mr. Roman suffers from Lupus, Osteoporosis, high blood pressure and high cholesterol. He has been prescribed medications for pain in his nerves and muscles in the past, but ultimately these conditions led to nearly 16 surgeries in the past two years. During these surgeries, Mr. Roman discovered he had bone cancer. Although in remission, he is still monitored by his doctor. As a result of these various conditions, Mr. Roman receives Social Security Benefits.

In addition to the physical ailments Mr. Roman has endured, he has also struggled with mental health issues throughout the years. Mr. Roman has a history of depression, anxiety, bipolar disorder and schizophrenia. He is currently attending counseling at Signature Health in Ashtabula, Ohio. That agency diagnosed Mr. Roman with depression and anxiety disorder. He is prescribed medication for mood stabilization, anxiety as well as agitation. On October 10, 2019, Mr. Roman underwent a substance abuse assessment, with the results indicating: Alcohol Use Disorder, Severe; Stimulant Use Disorder, Cocaine, Moderate; and Substance Induced Depressive and Anxiety Disorder. He began attending outpatient substance abuse counseling at Advanced Psychotherapy Services where he successfully completed their Intensive Outpatient Treatment Program.

Mr. Roman also attends AA and 12-Step meetings. He has made a whole-hearted effort in his recovery and getting sober. Indeed, two individuals from Alcoholics Anonymous, Michael Kenneley and Dale Vernick, wrote letters on Mr. Roman's behalf. **(Letters attached as "Exhibit A" and "Exhibit B" respectively).** In one letter, Mr. Kenneley, an active participant in AA who has achieved over 36 years of sobriety, spoke very highly in regard to Mr. Roman's active membership and willingness to change his ways. Finally, Mr. Roman has been on pre-trial supervision since August 19, 2019 and has been fully compliant with his supervision conditions.

B. **18 U.S.C. § 3553(a)(2)-(4): the Need for the Sentence, the Kinds of Sentence and the Sentencing Range Established**

Pursuant to the statutory provisions, Mr. Roman is eligible for a term of probation. *See* 18 U.S.C. § 3561(c)(1). For a Class C Felony, he is eligible for not less than one nor more than five years' probation. Mr. Roman has acknowledged the seriousness of the offense and has accepted responsibility for his crimes. Defendant respectfully states that his history with mental illness and

substance abuse should be considered a strong mitigating factor against sentencing Defendant to a term of imprisonment.[1] Additionally, Mr. Roman has been under pre-trial supervision since August 19, 2019 and has fully complied with all conditions. Defendant respectfully states that a term of probation would sufficiently punish him for his conduct, deter him from future criminal conduct and adequately protect the public.

**CONCLUSION**

Defendant, Malvin D. Roman, respectfully submits to this Honorable Court that the appropriate sentence in this case would be a term of probation. Yet, if this Honorable Court deems it necessary to incarcerate Mr. Roman, he respectfully requests the minimum sentence of 15 months based upon the factors outlined above. Such a sentence properly and sufficiently reflects the seriousness of his offense and provides sufficient deterrence. Mr. Roman further acknowledges his sincere and heartfelt remorse for his conduct and accepts full responsibility for his actions.

Respectfully submitted,
**BETRAS, KOPP & HARSHMAN, LLC**

 */s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
Email: dbetras@bhlaws.com
*Attorney for Defendant*

---

[1] Based upon a total offense level of 12 and a criminal history category of III, Mr. Roman's guideline imprisonment range is 15-21 months.

## CERTIFIACE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed and served electronically this 28th day of January 2020 upon attorneys who have completed the ECF registration as required by the Court.

                                                      */s/ David J. Betras*
                                                      DAVID J. BETRAS
                                                      ATTORNEY FOR DEFENDANT